J-S53036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| THEODORE J. CASH | |
| Appellant | No. 190 MDA 2016 |

Appeal from the PCRA Order January 6, 2016
in the Court of Common Pleas of Franklin County Criminal Division
at No(s):CP-28-MD-0000759-1991

BEFORE: BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED AUGUST 26, 2016**

Appellant, Theodore Cash, appeals *pro se* from the order entered in the Franklin County Court of Common Pleas dismissing his second Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant contends that newly discovered evidence entitles him to a PCRA hearing on the merits and his March 8, 1995 sentence for delivery of cocaine[2] is illegal under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013). We affirm.

On November 7, 1990, Appellant sold $100 of cocaine, weighing less than two grams, to an undercover State Police Trooper, which gave rise to the instant case docketed at CP-28-MD-0000759-1991 ("759-1991"). In a separate matter, police officers obtained information that Appellant was

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

transporting drugs between Philadelphia and Chambersburg, stopped the vehicle he was operating on February 21, 1991, and seized two ounces of cocaine. *See Commonwealth v. Cash*, 00828 HBG 1993 (Pa. Super. May 5, 1995) (unpublished memorandum at 1-3). Appellant was charged with felony possession with intent to deliver in CP-28-MD-0000682-1991 ("682-1991"). Appellant was found guilty in 682-1991, and was sentenced to three to ten years' imprisonment on September 22, 1993.[3]

Meanwhile, in the instant case, Appellant was initially found guilty on November 20, 1992. Appellant filed a post-verdict motion requesting a new trial, which the trial court granted on November 30, 1992. Appellant then proceeded to a bench trial, and the court found him guilty on November 8, 1993.

Appellant filed post-trial motions seeking arrest of judgment or a new trial. Appellant's attorney at the time, Timothy Gordon, Esq., also filed a motion to withdraw his appearance, which was granted on December 7, 1993. The court appointed Tyrone G. Johnson, Esq., to represent Appellant in his post-trial motions. Due to difficulties in acquiring the transcript and scheduling a hearing, a hearing was not scheduled until November of 1994. The court denied the post-trial motions on January 12, 1995.

---

[3] The docket for 682-1991 contains several entries that are inconsistent with the procedural history recited by this Court in *Cash*, 00828 HBG 1993, and *Commonwealth v. Cash*, 953 MDA 2015 (Pa. Super. Jan. 7, 2016).

On March 8, 1995, the trial court convened a sentencing hearing, at which it stated that Appellant's prior record score was three and the standard range minimum guideline sentence was from twenty-one to thirty-three months. N.T. Sentencing Hr'g., 3/8/95, at 9-10. The trial court sentenced Appellant to two-and-one-half to ten years' imprisonment to run consecutively to the sentence in 682-1991. Appellant appealed, and this Court affirmed on January 4, 1996.[4] **See Commonwealth v. Cash**, 149 Harrisburg 1995 (unpublished memorandum) (Pa. Super. Jan. 4, 1996). Appellant did not petition for allowance of appeal in the Pennsylvania Supreme Court.

On November 25, 2014,[5] Appellant filed a *pro se* petition for writ of *habeas corpus*. In that petition, Appellant averred that the sentencing court incorrectly used his felony conviction in 682-1991 to calculate his prior record score in the instant case. Although sentencing in 682-1991 occurred before sentencing in this case, Appellant noted the offense in 759-1991

---

[4] Appellant did not challenge the sentence in his direct appeal.

[5] As the record contains the envelopes for his *pro se* filings, we use the postage stamp to determine the filing date. **See Commonwealth v. Castro**, 766 A.2d 1283, 1287 (Pa. Super. 2001) ("[t]he prisoner mailbox rule provides that the date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison mailbox is **considered the date of filing of the petition.**").

predated the offense in 682-1991.[6]   Pet. for Writ of *Habeas Corpus*, 11/25/14, at 2-3.  The court took no action on this petition, and Appellant withdrew the petition on February 8, 2015, stating that

> after further review, the language of 18 P[a.C.S. § 7508] is plain and unambiguous when dealing with sentencing who has a prior conviction at the time of sentencing. However, I will be filing a P.C.R.A. motion dealing with illegal sentencing on another issue.

Request to Withdraw *Habeas* Pet., 2/8/15.

On February 10, 2015, Appellant, acting *pro se*, filed a standard-form PCRA petition reasserting the claim previously set forth in his *habeas* petition.  Additionally, Appellant claimed he was illegally sentenced to a mandatory minimum sentence under 18 Pa.C.S. § 7508.  PCRA Pet. 2/10/15, at 4.  The PCRA court appointed counsel, Kristopher Accardi, Esq., and directed counsel to file an amended petition addressing whether Appellant's challenges were cognizable under the PCRA.  Counsel filed an amended petition on May 1, 2015, alleging that the sentence was illegal because the trial court incorrectly calculated his prior record score.  Am.

---

[6] Appellant filed several post-conviction motions that did not raise claims under the PCRA.  On December 9, 2013, Appellant filed a petition for writ of *habeas corpus*, challenging the denial of his request for parole, which the trial court denied on June 4, 2014.  On January 28, 2015, Appellant filed a *pro se* Motion for the Return of Money Pursuant to 42 Pa.C.S. § 8127, which the court dismissed on February 5, 2015, for lack of subject matter jurisdiction.

PCRA Pet., 5/1/15, at 2-4 (unpaginated). On May 18, 2015, the Commonwealth moved to dismiss the petition based on the PCRA time-bar.

The PCRA court held a hearing on August 3, 2015, after which it directed Appellant to file a brief to support his claims that the sentence was illegal and he satisfied the PCRA time-bar exception in 42 Pa.C.S. § 9545(b)(1). On October 27, 2015, upon consideration of the parties' briefs, the PCRA court dismissed the petition for failure to plead a cognizable claim under the PCRA.[7] On November 16, 2015, the PCRA court received a copy of Appellant's letter to PCRA counsel. Appellant asserted, *inter alia*, that PCRA counsel failed to raise a claim of ineffective assistance of trial counsel based on his sentencing claim. Appellant also requested that PCRA counsel seek leave to file an amended PCRA petition. The PCRA court filed the letter and forwarded it to counsel. **See** Pa.R.Crim.P. 576(A)(4). PCRA counsel took no further action.

On December 2, 2015, thirty-five days after the dismissal of his first PCRA petition, Appellant filed the instant *pro se* PCRA petition, his second. On December 11, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's second petition as untimely. Prior PCRA counsel filed a motion to withdraw from representation on December 18, 2015, indicating that the order dismissing Appellant's first PCRA petition was

_____

[7] The PCRA court did not address the timeliness of Appellant's petition in its opinion or consider Appellant's claim that the prior record score was improperly calculated.

final, Appellant did not request an appeal, and he discharged the responsibilities of his appointment for Appellant's first PCRA petition. On December 20, 2015, Appellant responded *pro se* to the PCRA court's Rule 907 notice, claiming that he waived his right to appeal the dismissal of his first PCRA petition and elected to file a second PCRA petition to raise prior PCRA counsel's ineffectiveness. Resp. to Pa.R.Crim.P. 907 Notice, 12/20/15, at 1-4. The PCRA court granted prior PCRA counsel leave to withdraw on December 23, 2015, and dismissed Appellant's second PCRA petition on January 6, 2016.

Appellant timely appealed and submitted a court-ordered Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court filed a responsive opinion pursuant to Pa.R.A.P. 1925(a), suggesting affirmance of its decision that Appellant's second PCRA petition was untimely. This appeal followed.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See, e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 ([Pa.] 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional

in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 ([Pa.] 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 477-78 (Pa. 2003) (some citations and parallel citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." **Commonwealth v. Copenhefer**, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In the present case, Appellant was sentenced on March 8, 1995. After Appellant's sentence was affirmed by this Court on January 4, 1996, the judgment of sentence became final on Monday, February 5, 1996, when the time for seeking allowance of appeal lapsed. **See** 42 Pa.C.S. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"); **see also** 1 Pa.C.S. § 1908; Pa.R.A.P 1113(a). Thus, Appellant had until February 5, 1997, to file under the one-year time bar. **Id.** Because Appellant filed the instant petition on December 2, 2015, it is facially untimely.[8]

Appellant first argues that he received new evidence that would satisfy 42 Pa.C.S. § 9545(b)(1)(ii). He claims that his previous PCRA counsel forwarded him a copy of the sentencing guideline forms, which constituted new evidence. Resp. to Pa.R.Crim.P. 907 Notice, 12/20/15, at 1-4. Appellant also asserts counsel refused to raise the issue of the previously unseen forms in the first PCRA proceeding, and for that reason, Appellant filed a second PCRA petition rather than appeal the initial denial.

---

[8] We note that it is unclear whether Appellant is currently serving the sentence in this case. **See** 42 Pa.C.S. § 9543(a)(1)(i). However, because timeliness is a jurisdictional issue, we decline to remand this matter for a determination of whether Appellant is eligible for relief.

This Court has explained that,

> [a] petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.[ ] § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).

*Commonwealth v. Hernandez*, 79 A.3d 649, 651-52 (Pa. Super. 2013)

(some citations and quotation marks omitted).

Our Supreme Court,

> has addressed the meaning of "facts" as that term is employed in Section 9545(b)(1)(ii) and held that, to constitute such "facts," the information may not be part of the public record. Similarly, we have held that a petitioner must allege and prove previously unknown "facts," not merely a "**newly discovered or newly willing source for previously known facts.**" These principles have been applied when a petitioner has relied on a study to satisfy the time-bar exception of Section 9545(b)(1)(ii).

*Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013) (citations omitted).

Although, our Supreme Court recognizes an exception where a petitioner has been abandoned by counsel, *see Commonwealth v. Bennett*, 930 A.2d 1264, 1273 (Pa. 2007), claims of ineffective assistance of PCRA counsel, generally, do not satisfy the exception to the PCRA time-bar. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000).

> In *Gamboa–Taylor* and subsequent cases, we addressed situations when PCRA counsel had allegedly ineffectively

> narrowed the class of claims raised by not including all of the viable claims in the first petition. In such instances, we concluded that by allowing the claim to go forward "the timeliness requirements crafted by the legislature would thus effectively be eviscerated by any petitioner who was willing to file serial PCRA petitions alleging ineffective assistance of counsel." Thus, we firmly rejected any such attempts "to circumvent the one-year time limitation" via claims of PCRA counsel ineffectiveness.

*Bennett*, 930 A.2d at 1272 (citation omitted).

Although Appellant asserts prior PCRA counsel did not forward him copies of the relevant sentencing guideline forms, actual receipt of those forms is not a time-bar exception under the circumstances of this case. First, the sentencing guideline forms are not facts, but sources of information. *See Edmiston*, 65 A.3d at 352. Second, the facts giving rise to Appellant's claim of an improper prior record score or a cruel and unusual punishment were available at the time of sentencing.

Furthermore, Appellant's claim that prior PCRA counsel's ineffectiveness constitutes newly discovered evidence under Subsection (b)(1)(ii) for filing a second PCRA petition is misplaced. PCRA counsel's ineffectiveness for framing his issue as a direct claim of an improper sentence, rather than a claim of ineffective assistance of trial counsel, does not amount to abandonment.[9] *See Bennett*, 930 A.2d at 1272; *Gamboa-Taylor*, 753 A.2d at 785.[10]

---

[9] Although prior PCRA counsel's treatment of Appellant's claims with respect to a first PCRA petition was far from "meaningful," *see Commonwealth v.*

Appellant next claims he is entitled to relief because his sentence is unconstitutional under **Alleyne**. **Id.** at 8. However, a review of the record reveals no indication that Appellant was sentenced to a mandatory minimum sentence in the instant case. Thus, no relief is due.

In sum, Appellant did not plead and prove an exception to the PCRA's timeliness requirement excusing the filing of the instant petition on December 2, 2015. **See Copenhefer**, 941 A.2d at 648. Therefore, the PCRA court lacked jurisdiction to consider Appellant's second petition or grant the relief requested. Thus, we are constrained to conclude that the

---

**Perez**, 799 A.2d 848, 852 (Pa. Super. 2002) ("when appointed **counsel** fails to amend an inarticulately drafted *pro se* [post-conviction] petition, **or fails otherwise to participate meaningfully,** this court will conclude that the proceedings were, for all practical purposes, uncounselled and in violation of the **representation** requirement. . . ."), he technically complied with the minimal requirement for appointed counsel to either "amend" Appellant's petition or seek withdrawal under **Turner**/**Finley**. We do not condone counsel's minimal efforts, but must apply the time requirements of the PCRA strictly and without equitable considerations. Unfortunately, Appellant's assertion that he was required to "waive his right to appeal the first PCRA so that he could raise" claims of PCRA counsel's ineffectiveness overlooks recent developments in PCRA law.

[10] We note that the United States Supreme Court has enabled ineffectiveness of prior post-conviction relief counsel to be raised beyond the time-limits under Federal *habeas corpus* law. **See Martinez v. Ryan**, 132 S. Ct. 1309 (2012). This Court, however, has noted that the decision in **Martinez** has no bearing on Pennsylvania and the PCRA. **See Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013) ("While **Martinez** represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA.").

PCRA court did not err in dismissing the petition as untimely. *See Wilson*, 824 A.2d at 833.

Order affirmed.

Judge Shogan joins the memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2016